Judge Mills
dissenting from, the decision of the court on one question, delivered his own opinion upon that matter.
I dissent from the opinion of the court, so far as it supposes that a deputy clerk may take the claims of witnesses, either with, or without swearing them to the truth of their attendance, unless specially authorized. The act of Assembly expressly directs that the allowance shall be entered by the clerk as of course, and that “witnesses, in all cases, as well civil as criminal, shall be sworn as to their travelling, ferriages and attendance; for which purpose the clerk or some of his assistants, specially empowered by the court, or the commissioners, referrees or surveyor, as the case may be, shall administer the oaths.”
The clerk has no power to administer an oath, except where he is specially authorized by law; such are the instances of swearing to answers in injunction cases; and clerks of county courts, when about to issue marriage licences. But that they can administer oaths ex-officio, in every case where a person, may be lawfully sworn, cannot be pretended. The oaths administered by clerks during the progress of trials, are administered by the court, who, ex officio, has the power, through the instrumentality of the clerk, who barely repeats the words of the oath and acts as the mouth of the court. Any other person *279 at the direction of the court and in presence thereof, may do the same act, may repeat the oath, and require the person to respond thereto, and the response thus given by the deponent to the court, forms the oath. It was contemplated by the act, that the claims of witnesses might be taken out of the presence of the court, and there is consequently, an express authority to the clerk to administer the oath, which he otherwise could not have done. And as it might not always be convenient for the principal clerk to do the duty, some of his assistants may do it, but must first thereto be specially authorized. It was not a power to be trusted with every deputy which the clerk might employ. The clerk may administer the oath by express provision of law, but his assistant cannot unless specially authorized. The question then, as to all the claims allowed in this case by the deputy, resolves itself into a question of authority. With authority, an act erroneously done as to manner and mode, may be valid; without authority the act is void. The act of the clerk in allowing the claim, resembles a judicial act in rendering a judgment. It determines the claim and attaches to it a mode of recovery like execution. As well might an inferior court on appeal, sustain a judgment by a person acting as justice of the peace, who was not such, either in law or fact, merely because it was just, as to sustain the claim of a witness, when asked to set it aside, allowed by a person who had no authority.
judge Mills’ dissent,
The only way to get round this conclusion is by taking a distinction between a deputy and an assistant clerk, and saying a deputy is a sworn officer, and an assistant may not be sworn. All the distinction that can soundly be taken between the two, the assistant and the deputy, operates against the construction of the act contended for. A deputy is an assistant, and this cannot be denied, and there may be other assistants who are not deputies. The truth then is, assistant is a more comprehensive word than deputy, includes those who aid the clerk, whether sworn or not sworn, while deputy embraces .only the sworn class. Settling the meaning of the word assistant thus, it clearly follows, from the
Judge Mills’ dissent.
Dana, for plaintiff; Crittenden, for defendant.
express provisions of the act, that every assistant; whether of the sworn order or not, must be specially authorized by the court, or he cannot take the claims of witnesses.
To say that it is not shewn that the claims are unjust, and that of course they ought not to be set aside, although allowed by a person having no authority, is a principle that would overturn many of the judgments of this court. We reverse decrees in equity, although the decision is completely just, because the chancellor had no jurisdiction, and we reverse judgments because the court of common law had not, and the chancellor had authority to decide it. We reverse judgments of justices of the peace which came to us through the circuit courts by appeal, although just, because the justice had no cognizance of the matter. This is all done for the want of authority. So. is every circuit court bound to correct all the ministerial acts doné in controversies there depending, if they are- done by persons having no authority, and such ivas the case in the present instance. If this is not the mode in which this matter can be reached, then is the act a dead letter, although it is made to shield the party from improper claims. It was designed to leave in the power of the court,- the choice and appointment of a person to take such claims, if the clerk could not act himself.